No. 32,272

F. A. GOLLIER, *Appellee,* v. CITY OF PAOLA, *Appellant.*

(46 P. 2d 605)

Opinion filed July 6, 1935.

*A. A. Bryan* and *Garrett Winkler,* both of Paola, for the appellant.
*Karl V. Shawver,* of Paola, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The action was one involving condemnation of right of way for a state highway. The commissioners appointed fixed the valuation of the strip and the damages to the plaintiff at $1,050. Plaintiff not being satisfied with the amount awarded appealed to the district court, where it was tried and the jury fixed the amount of the award at $1,975, and defendant filed a motion for a new trial, which was overruled, and the case is brought here.

The principal error assigned and argued is with reference to the qualifications of a juror. It is claimed the juror was not qualified, and on the motion for a new trial they presented the affidavit of the county clerk, which is as follows:

"I, J. L. Lowe, of lawful age, being first duly sworn on oath, state: That I am the duly elected, qualified and acting county clerk of Miami county, Kansas, and as such have charge of and custody of the assessment rolls of said county for the year 1933.

"I have made a search of the assessment rolls for the city of Louisburg, Kansas, and also for Wea township of the year 1933, and I am unable to find the name of Frank Huber upon the said assessment rolls.

"Further affiant saith not. J. L. LOWE.

"Subscribed and sworn to before me this 9th day of November, 1934.

"LETA MYERS NOLKER,
(Seal) *Deputy Clerk of the District Court.*"

Error in the court's refusal to grant a new trial is urged upon the point that Frank Huber was not a qualified juror for the reason he was not listed on the assessment rolls of the city of Louisburg or of Wea township. To excuse its delay in testing the qualifications of the jury until the motion for a new trial was filed, appellant says that Huber, when examined for his qualifications as a juror, stated he was a taxpayer of the county.

Was the proof offered sufficient to establish the disqualification of Huber? In the first place he was chosen under the provision of R. S. 43-102. Thus we have a showing that Huber was a taxpayer of Miami county. If he was a citizen of any township or city of the county, he would be qualified so far as residence was concerned. To show that he was not on the rolls of Wea township of the city of Louisburg, does not show an absence from the assessment rolls of other townships of the county. If it be assumed that Huber was on the jury, which is not shown by the abstract, proof that he was not on the assessment rolls of the one township or one city of the county, does not show he lacked the qualification of being a taxpayer. Frequently a taxpayer may live in a hotel of the town and his name will not be on the tax rolls, although he may be worth thousands of dollars of property situate in some other township or municipality of the county. To show he was disqualified it was necessary to show that he was not on the assessment rolls in any part of the county.

The proof does not show him to be disqualified and the defendant is not deemed to have established his disqualifications if it was entitled to show it at that time.

The judgment is affirmed.